UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-75-H

ROBERT LEWIS BAAR                                                                                    PLAINTIFF

V.

JEFFERSON COUNTY PUBLIC SCHOOLS, et al.                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Robert Baar, is a teacher with the Jefferson County Public Schools ("JCPS"). He has asserted a number of 42 U.S.C. § 1983 and § 1985 claims based on alleged violations of his First, Fifth and Fourteenth Amendment rights.  Defendants, Jefferson County Board of Education, Stephen W. Daeschner, Carolyn Meredith, Melissa Payne, Marsha Dohn, and Minor Daniels (collectively referred to herein as "Defendants")[1] have moved to dismiss all the claims.

The Court has now had an opportunity to discuss the case with counsel.  Their arguments have been very helpful.  Many unusual and disputed aspects of the case caution against sustaining a motion to dismiss on substantive grounds at this early stage of the proceedings.  On the other hand, it does appear that the applicable statute of limitations will bar numerous claims, which have their origin prior to 2004.

I.

From all outward appearances, Plaintiff appears to be a highly acclaimed science teacher

---

[1] The individual defendants are all officials or employees of the Jefferson County Public Schools.

in the Jefferson County school system. The essence of the complaint is that another teacher, Melissa Payne ("Payne"), initiated a scheme to damage Plaintiff's reputation and standing within the school system. Plaintiff says that the other Defendants took a variety of unwarranted actions that deprived Plaintiff of his constitutional rights, primarily his right to due process.

The events leading to this lawsuit began in February 2002, when Plaintiff sent a two-page letter to Melissa Payne stating that her family faced "significant risk" and increasing "danger." Plaintiff says that the letter was intended to warn Payne that an affair with another teacher could hurt her children. Payne perceived the letter as threatening to her and her family. Whatever Plaintiff's actual intent is probably not relevant to the resolution of the case. In any event, Payne felt sufficiently concerned and threatened that she brought the letter to the attention of Defendant, Marsha Dohn ("Dohn"), who was the Principal at Jeffersontown High School. Dohn in turn notified Defendant, Carolyn Meredith ("Meredith"), Director of the Employee Relations for the Jefferson County Board of Education ("JCBE").

Meredith took the perceived threat seriously. By letter dated February 8, 2002, he temporarily reassigned Plaintiff from his normal teaching duties pending an investigation. On the same date, Payne, Dohn and Defendant, Minor Daniels ("Daniels"), the Executive Director of JCBE's business affairs, met with Plaintiff and the parties entered into a Memorandum of Understanding (the "2002 Memorandum"). Among other things, the 2002 Memorandum required Plaintiff to cease all communications with Payne and provided that any necessary professional communications between Payne and Plaintiff would be relayed through Dohn. Plaintiff alleges that he was forced to sign the Memorandum "under threat of being fired."

Over the next few months Plaintiff became dissatisfied with his subsequent treatment at

work. He filed a grievance concerning all actions related to and following the earlier investigation. His complaints addressed his temporary transfer, loss of pay, psychological examination and his treatment after signing the 2002 Memorandum. The grievance proceeded through several levels and after a year reached the stage of an impending federal arbitration. At this point, on October 17, 2003, Meredith and Stephen Neal, the JCTA representative, settled the grievance without Plaintiff's consent in Grievance Resolution (the "2003 Resolution"). The Resolution removed evidence of any adverse action from Plaintiff's personnel file and the parties agreed that the 2001-2002 payroll records would remain unchanged.[2]

Apparently, several years passed without incident. On September 23, 2005, Plaintiff sent Payne a two-sentence e-mail regarding an upcoming science alliance meeting in which each was involved. Payne complained about this communication to Meredith, who ordered a second investigation. On December 14, 2005, Dr. Jim Jury, Plaintiff's current principal at Ballard High School, issued a formal reprimand against Plaintiff for violating the 2002 Memorandum. According to Plaintiff, he did not pursue an administrative appeal of this decision because the JCTA informed him that the 2003 Resolution prohibited JCTA from supporting any other appeals.

Plaintiff filed this lawsuit on February 9, 2006, and immediately asked for injunctive relief against the Education Professional Standards Board ("EPSB"), which is a statutory public entity responsible for maintaining teacher certification standards. The EPSB had received notice of Plaintiff's 2005 Reprimand and had commenced its own routine administrative process.

---

[2] Later, the parties would disagree whether the 2003 Resolution nullified or amended any part of the 2002 Memorandum. Plaintiff says that the 2003 Resolution nullifies all prohibitions of the 2002 Memorandum.

These proceedings could have resulted in the revocation of Plaintiff's teaching certificate. Plaintiff objected to the initiation and continuation of those proceedings. This Court denied the motion for a preliminary injunction barring the EPSB from proceeding with its investigation. Attorneys for the EPSB have informed the Court that the proceeding concerning Plaintiff has been routinely dismissed.

II.

Plaintiff's claims are brought under 42 U.S.C. §§ 1983 and 1985. These sections provide a cause of action for deprivation of specific constitutional rights. Section 1983 provides a right of action for deprivation of "rights, privileges, or immunities secured by the Constitution" or federal law. To state a claim of due process violation under 42 U.S.C. § 1983 or § 1985, a plaintiff must demonstrate that the conduct at issue: (1) occurred under color of state law; (2) resulted in the deprivation of a constitutionally protected interest of life, liberty, or property; and (3) occurred without due process of law. *Paul v. Davis*, 424 U.S. 693 (1976).

Plaintiff alleges due process violations arising from the following acts: (1) Defendants forcing Plaintiff to sign the Memorandum of Understanding in 2002; (2) the 2002 investigation into Plaintiff's conduct, including a psychological evaluation; (3) Plaintiff's assignment to a non-teaching status and loss of his nighttime computer teaching job during the 2002 investigation; (4) the claim that Payne shared Plaintiff's letter and e-mail with others and discussed the investigation; (5) letters to the Education Professional Standards Board regarding Plaintiff's conduct; (6) Defendants prohibited Plaintiff from attending certain professional meetings; and (7) the December 14, 2005 reprimand from Dr. Jury. Some of the claims may involve the absence of due process related to the loss of a property interest; others may concern the direct

4

violations of constitutional rights such as under the First Amendment. The Court is uncertain to what extent Plaintiff can identify any right, privilege or immunity secured by the Constitution or federal law. However, the applicable statute of limitations does bar numerous claims and the Court will consider that question now.

### III.

The two focal points of Plaintiff's case are the 2003 Resolution and the 2005 Reprimand, each of which caused a denial of his due process rights. Plaintiff says that the 2003 Resolution denied due process because it occurred without his consent. He says that the 2005 Reprimand was without merit because it enforced the 2002 Memorandum and denied due process because he was not allowed to appeal.

Defendants argue that many of Plaintiff's claims are barred by the statute of limitations. Congress has not specifically set a statute of limitations period for claims arising under 42 U.S.C. § 1983 and § 1985. Therefore, we look to the analogous state statutes. It is well accepted that § 1983 and § 1985 actions in Kentucky are governed by a one-year limitations period. *Walker v. Lifeskills, Inc.*, 64 F.3d 664, *2 (6th Cir. 1995); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The limitation runs from the time a plaintiff knows or has reason to know that his rights are violated. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Limitations on lawsuits are not artificial barriers to justice, though they can appear so. They exist so that defendants are spared the unfairness and difficulty of defending state claims.

It goes without saying that no statute bars any due process violations arising from the 2005 Reprimand. Such a claim may consider a variety of issues, including whether Defendants were justified in basing the reprimand upon the 2002 Memorandum. On the other hand, the

5

limitations period does bar many of the other factual grounds for other due process and constitution claims. For instance, due process claims arising directly from the 2002 Memorandum, the investigation surrounding it, Plaintiff's assignment to teaching status and his loss of income, all occurring in 2002, are all well beyond the statute. In addition, Plaintiff claims that Defendants circulated his e-mail in 2002 or that Defendants let others see his psychological evaluations, all appear to have been known by Plaintiff in 2002 or 2003 and are, therefore, barred from claims under § 1983.

These events do not seem to be of the type which suggest tolling based upon the concept of a continuing violation. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *Dixon v. Anderson*, 928 F.2d 212, 219 (6th Cir. 1991). Usually, the concept of continuing violation applies where the same act of discrimination occurs as the result of a longstanding policy or repeated act arising from the same discriminatory intent. *Trzebuckowski,* 319 F.3d at 857. In our case, Plaintiff alleges neither an overarching discriminatory intent nor a discriminatory policy. Instead, he alleges numerous individual acts which amount to separate types of constitutional violations. This Court finds that these separate allegations of constitutional violations are not the type that, strung together, constitute a continuing violation so as to toll the applicable statute of limitations.

IV.

Part of Plaintiff's complaint is that the JCPS provided information that caused the EPSB to initiate a review of his teaching certificate. The EPSB is a statutory public body responsible for maintaining teaching certificate standards within the Commonwealth of Kentucky. Its activities are governed by Kentucky statutes. The JCPS forwarded the information regarding a

teacher disciplinary action to the EPSB as required by statute.  *See* K.R.S. § 161.120.  The EPSB has initiated proceedings concerning Plaintiff's teaching certificate, but has taken no action.  Counsel for EPSB informed the Court at oral argument held October 23, 2006, that EPSB has dismissed the complaint against Plaintiff.  Therefore, Plaintiff's claim is moot and is dismissed.

    The Court will enter an order consistent with this Memorandum Opinion.

cc:    Counsel of Record