UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-75-H

ROBERT LEWIS BAAR                                                                                          PLAINTIFF

V.

JEFFERSON COUNTY BOARD OF EDUCATION, et al.                                  DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff brought this action complaining of numerous constitutional violations based on several events occurring during his employment with the Jefferson County Board of Education. Initially, this Court dismissed all of Plaintiff's claims as either barred by the statute of limitation or without merit. Plaintiff appealed that decision to the Sixth Circuit which affirmed the dismissal of all claims except for one related to a 2005 reprimand prohibiting Plaintiff's attendance at the Louisville Area Chemistry Alliance ("LACA") meetings. The Circuit found that this particular reprimand violated Plaintiff's constitutional right to freedom of association.

On remand, this Court entered injunctive relief to lift the ban on Plaintiff's attendance of LACA meetings, but dismissed Plaintiff's damages claims based on the doctrine of qualified immunity. This latter decision could be the subject of a further appeal. Regardless, that decision led to a battle over attorney's fees: Plaintiff seeks attorney fees under 42 U.S.C. §1988; and Defendants demand their costs incurred after April 9, 2010, including attorney fees, based on Federal Rule of Civil Procedure 68. For the reasons that follow, the Court concludes that only Plaintiff is entitled to attorney's fees, though in an amount less than requested.

# I.

On April 1, 2009 Defendants mailed an offer of judgment to Plaintiff that reads, in pertinent part,

> Pursuant to Fed.R.Civ.P. 68, Defendants . . . hereby offer to allow judgment to be taken against them in this case in favor of Plaintiff, Robert Lewis Baar, in the amount of Four Thousand Dollars ($4,000.00) reflecting full satisfaction of any and all claims that were asserted or could have been asserted against Defendants in the instant action, including but not limited to, claims for interest and costs to date. This Offer is in addition to the disciplinary modification Plaintiff received on or about March 2, 2009, a copy of which is attached hereto as **Exhibit A**.
>
> This Offer of Judgment does not encompass any petition for an award of attorneys' fees Plaintiff may elect to present to the Court. Defendants reserve the right to object to the grant of any such award, including but not limited to, the right to assert any amount requested is excessive, not properly documented, or relates to matter and/or claims upon which Plaintiff did not in fact prevail.

(emphasis in original). Because Plaintiff arguably has recovered less than $4,000, Defendants contend that they are entitled to full reimbursement of their attorney's fees incurred since the offer. The amount of the fees requested was approximately $20,000.

Federal Rule of Civil Procedure 68 provides,

> **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> . . .
>
> **(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

(emphasis in original). Under this rule, if the defendant makes a valid offer of judgment, the plaintiff rejects it and the plaintiff recovers less than the offered amount at the conclusion of the case, then the plaintiff is responsible for his own costs and the costs of the defendant incurred after the offer was rejected. For purposes of civil rights actions like this one, "costs" include attorney fees. *See Marek v. Chesny,* 473 U.S. 1, 11 (1985).

There are two possible interpretations of the offer as written: (1) Defendants offered judgment on Plaintiff's substantive claims and costs for a total of $4,000.00; or (2) Defendants offered judgment on Plaintiff's substantive claims but explicitly excluded judgment on any claims for costs. These interpretations themselves reveal a degree of ambiguity that could invalidate the offer of judgment.

## A.

The Supreme Court has been quite clear about the Rule 68 treatment of costs. "The critical feature of . . . the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.*" *Marek*, 473 U.S. at 6 (emphasis in original). The offer may either specifically state that the amount offered is inclusive of all costs or it may leave the costs to be determined by the Court. *Id.* However, an offer that "implicitly or explicitly provide[s] that the judgment *not* include costs" is invalid. *Id.*

Under the first possible interpretation, and on its face, the offer purports to allow judgment in the amount of $4,000.00 in satisfaction of "any and all claims . . . including but not limited to claims for interest and costs to date." As discussed, "costs" in civil rights actions under 42 U.S.C. § 1983 include attorney fees. Defendants are certainly aware of this, as their

motion specifically requests that they be paid attorney fees as part of their "costs" under Rule 68. Using the plain language of the offer, for it to have preclusive effect Plaintiff must recover less than $4,000.00 including costs. While Plaintiff did not recover any damages on his substantive claims, Plaintiff is most certainly entitled to more than $4,000.00 in costs. Thus, by the conclusion of the case, Plaintiff will have recovered more than Defendants offered. The offer, therefore, has no preclusive effect on Plaintiff's recovery of costs and does not entitle Defendants to recover any costs.

**B.**

It could, of course, be argued that the second paragraph of the offer was intended to allow the Court to determine Plaintiff's reasonable costs and award him those costs in excess of the $4,000.00 offered.[1] Without doubt, an offer of judgment may validly offer a set amount for substantive recovery and an amount to be determined by the Court for costs. *See Marek*, 473 U.S. at 6. However, the language of the second paragraph does not do that here.

As discussed, "[t]he critical feature of . . . the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.*" *Marek*, 473 U.S. at 6 (emphasis in original). An offer is only valid under Rule 68 so "long as the offer does not implicitly or explicitly provide that the judgment *not* include costs." *Id.* (emphasis in original). Under the second interpretation, Defendants offer did not allow judgment to be taken against them for costs. Rather, Defendants explicitly excluded judgment for costs. The offer stated, "This Offer of Judgment *does not*

---

[1] Of course, such an interpretation would directly contradict the plain language of the first paragraph, which claims that the $4,000.00 covers "any and all claims . . . including but not limited to claims for interest and costs to date."

4

*encompass* any petition for an award of attorney's fees Plaintiff may elect to present to the Court." (emphasis added). Defendants further "reserve the right to object to the grant of any such award." The Court concludes that Defendants did not consent to a judgment on attorney fees. On these grounds, the offer of judgment is invalid. *Marek*, 473 U.S. at 6.

Without a clearer statement of the Defendants' offer, at best, it is ambiguous and Plaintiff cannot be bound by his rejection of it. *See Sharpe v. Cureton*, 319 F.3d 259, 275 (6th Cir. 2003) ("Contract principles apply to Rule 68 offers, and a plaintiff contesting the validity of a Rule 68 offer may assert contractual defenses."). Regardless, as the foregoing analysis reveals, either logical interpretation of the offer leads to the same result: Defendants' offer of judgment as submitted has no effect on this case.

## II.

Next, the Court considers Plaintiff's request for attorney's fees. Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party [in a § 1983 claim] a reasonable attorney's fee as part of the costs . . ." Plaintiff has requested over $59,000 in fees. Several factors bear upon Plaintiff's right to recovery. The Court will consider each in turn.

## A.

As a threshold matter, the Court must determine whether Plaintiff is a "prevailing party." "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992). For at least some of his claims, Plaintiff meets this definition. Plaintiff successfully navigated through this Court and the Sixth Circuit to obtain a judgment recognizing that his First Amendment rights were violated and

5

granting injunctive relief. No one can seriously argue, therefore, that Plaintiff did not succeed on at least one of his claims.

However, Plaintiff's success was limited when compared to the original claims brought in this case. He succeeded only on his claim that Defendants violated his First Amendment rights by prohibiting him from attending LACA meetings. At the start of this case, Plaintiff brought numerous claims related to reprimands given in 2002 that were wholly unrelated to the prohibition on his attendance of LACA meetings. Early in the litigation, the Court dismissed those claims based on the statute of limitations and the Sixth Circuit affirmed. In determining the proper fee award,

> the court must exclude time spent on unsuccessful claims that are unrelated to a plaintiff's successful claims - that is, the unsuccessful claims that are based on "different facts and legal theories" than the successful claims. When, however, the unsuccessful claims are related to the successful ones, then the court must ask "did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" When the plaintiff has achieved excellent results, the court should award a fully compensatory fee. This fee should not be reduced "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." But if the plaintiff achieved only limited success, the court should reduce the award accordingly.

*Harper v. BP Exploration & Oil, Inc.*, 3 Fed. Appx. 204, 207 (6th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-435 (1983)).

The legal theory upon which Plaintiff was ultimately successful can be succinctly stated: Defendants violated Plaintiff's First Amendment right to freedom of association by prohibiting his attendance at LACA meetings. Relevant facts to that claim include: (1) the existence and scope of the reprimand; (2) the nature of the LACA meetings; (3) the underlying cause or basis for the prohibition; and (4) any harm caused or avoided by the prohibition. The only relation between this claim and Plaintiff's claims related to the 2002 actions of Defendants is the "back-

6

story" of the claims.

As the Court set out in more detail in its prior opinions in this case, the beginning point for all claims came in 2002. At that time, Plaintiff delivered a letter to another teacher, Missy Payne, who considered it threatening. This letter resulted in several meetings between Defendants and Plaintiff and the 2002 "Memorandum of Understanding" that prohibited Plaintiff from having further contact with Payne. Many of Plaintiff's original claims arose from that reprimand and events that flowed from it. In 2005, Plaintiff sent an email to Payne regarding attendance at an LACA meeting. It was that email, and Plaintiff's attendance at the meeting, that led to the 2005 LACA prohibition and the subsequent successful claim. Only the identity of the parties and the 2002 "Memorandum of Understanding" connects the 2002 and 2005 claims. This limited and tenuous relationship of claims means that Plaintiff is a "prevailing party" only with respect to his claims related to the 2005 LACA prohibition.

**B.**

Having determined that the Plaintiff was a prevailing party, the Court must determine the number of hours Plaintiff's attorney reasonably expended on the case. Here, Plaintiff's attorney did not keep precise, contemporaneous records of his time spent on this litigation. Rather, at the conclusion of the case, Plaintiff's attorney estimated his hours under four categories: (1) pleadings and pretrial activities, 174 hours claimed; (2) appeal, 40 hours claimed; (3) settlement conference, 3 hours claimed; and (4) office conferences, telephone calls, correspondence and subpoenas, 20 hours claimed. Defendants strenuously object to this method of determining the proper hours spent on this case. To be sure, they are correct that it is Plaintiff's burden to establish his work was related to the claims litigated.

7

The Sixth Circuit has said,

> The key requirement for an award of attorney fees is that "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate*, 732 F.2d at 502 n. 2. Where the documentation is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. Although counsel need not "record in great detail" each minute he or she spent on an item, *Wooldridge*, 898 F.2d at 1177 (quoting *Hensley*, 461 U.S. at 437 n. 12, 103 S.Ct. 1933), "the general subject matter should be identified." *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F.Supp. 1017, 1020 (N.D.Ohio 1997) (citing *Hensley*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40).
>
> Courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions where the attorney did not "maintain contemporaneous records of his time or the nature of his work," *Keener v. Dep't of the Army*, 136 F.R.D. 140, 147 (M.D.Tenn. 1991), aff'd on decision of the district court by *Keener v. Dep't of the Army*, No. 91-5442, 1992 WL 34580, 1992 U.S.App. LEXIS 2822 (6th Cir. Feb. 24, 1992), and where billing records "lumped" together time entries under one total so that it was "impossible to determine the amount of time spent on each task." . . .
>
> This court held in *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir.1991), that the party seeking fees has "the burden of providing for the court's perusal a particularized billing record."

*Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). Put simply, Plaintiff has failed to meet these minimum requirements for record keeping and submitting sufficient documentation to support his claimed hours.[2] Thus, Plaintiff loses any benefit of the doubt the Court normally accorded a party moving for fees. Nevertheless, based upon the analysis that follows, the Court determines that Plaintiff is entitled to recover for a total of 176 hours of his attorney's time.

---

[2] Plaintiff submits that it is "too unwieldily" for a civil rights lawyer to keep contemporaneous billing records. That claims is simply unreasonable. There is nothing "unwieldily" about recording the number of hours one spends on a given project when that time is spent. Any reasonable client would expect as much from his attorney and would likely be unwilling to pay a bill that is simply the attorney's "best guess" at how much time he spent working on the client's case. If a reasonable client would reject billing in the manner done by Plaintiff's counsel, Defendants should not be held to it either.

**1.**

Plaintiff claims that 174 hours were expended on pleadings and pretrial activities. Plaintiff has provided a detailed breakdown using the docket sheet to explain how those hours were expended. While this is not a "contemporaneous" record-keeping as demanded by some courts in the Sixth Circuit, the Court finds that the citation to particular pleadings, approximate dates of services, and the inherent reasonableness of the hours, provides sufficient credibility to support the request. Defendants do not claim that the total number of hours expended are unreasonable or even that the amount of time spent on any one activity is unreasonable, nor could they. The reality is that this case has spanned over four years; the amount of time expended by Plaintiff's counsel is strikingly minimal. However, as noted above, the Court will reduce the total number of hours to reflect a lack of success on many of Plaintiff's initial claims.

The Court has reviewed Plaintiff's request and determined that approximately 21 hours, or approximately 12% of the total hours claimed, should be subtracted based on lack of success on unrelated claims. This reduction may appear to be minimal. There is a good reason for it. The unrelated claims were dismissed based on the statute of limitations early in the litigation. Thus, the vast majority of counsel's time was spent solely on the successful claims related to the 2005 reprimand. Under this analysis, Plaintiff is entitled to recover for 153 hours of work related to "pleadings and pretrial activities." Plaintiff also seeks to recover for three hours of work necessitated by a court-ordered settlement conference. The Court finds that all of this time is compensable and will award the full three hours.

**2.**

Plaintiff seeks to recover 40 hours for time spent on the appeal. Again, there is no

argument that 40 hours is an unreasonable amount of time to spend on this appeal. Unfortunately, Plaintiff has not detailed how those 40 hours were spent. Rather, Plaintiff simply "asks the Court to award him Forty (40) hours of work time in processing and presenting the appeal in this case." Like the pleadings stage, Plaintiff was only successful on appeal with respect to this Court's decision related to the 2005 reprimand; the Sixth Circuit affirmed the dismissal of all claims related to the events of 2002. Thus, a reduction of fees for the appeal is also appropriate. The Court finds that Plaintiff was successful on only about half of the issues raised at the Sixth Circuit and, therefore, the Court will reduce Plaintiff's request by 50%. Plaintiff is entitled to recover for 20 hours of work on the appeal.

**3.**

Finally, Plaintiff seeks to recover 20 hours for "many, many conferences with the Plaintiff in Taylor's office; telephone calls between Taylor and Plaintiff and others; and correspondence regarding matters in this case." Though counsel undoubtedly held conferences with Plaintiff, he offers absolutely no evidence of when these activities took place, what they concerned, or how they were related to this case. "Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case." *Imwalle*, 515 F.3d at 552. This part of Plaintiff's request simply does not meet this standard in any way. In the context of the pleadings and pretrial stage of the litigation, Plaintiff at least cites to concrete documents that necessitated his work and, therefore, provided some minimum support for his claims. Here, however, there is simply *no* detail and *no* evidence of when or why the conferences occurred. Quite candidly Plaintiff's counsel admits that his request for this type of work is merely a guess as to the

10

number of hours expended.  Guesswork, unsubstantiated by any documentation, is simply insufficient.  The Court will not award any fees under this category.

## C.

The final step in determining the proper fee award for any §1983 plaintiff is to determine the appropriate hourly rate for the attorney's services.  Here, Plaintiff's attorney requests a fee of $250.00 per hour.  In support of this amount, Plaintiff submits two affidavits.  The first is from Philip Kimball, a local attorney, that simply states his belief that "$250.00 is a fair and reasonable rate for such work by Daniel T. Taylor III."  The second is from Teddy Gordon, another local attorney, which provides only that Mr. Gordon believes that "a reasonable fee for legal services rendered by the Hon. Daniel T Taylor III based upon his experience and ability would be $400.00 per hour."

Plaintiff bears the burden of justifying his requested hourly rate.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Plaintiff's evidence is mostly speculation.  Indeed, neither Plaintiff's counsel nor the affiants state the rate that they generally charge.  There is no discussion of what rate similar attorneys in the area charge.  There is nothing to indicate that Plaintiff's counsel was precluded from taking additional work while handling this case or that the case required any unique expertise offered by counsel.  With those factors in mind, the Court concludes that $250.00 per hour is slightly excessive.  The Court recently awarded Mr. Gordon fees upon a $225 hourly rate in a case which was much more complex than this one.  For all these reasons, the Court finds that $200.00 per hour is a reasonable fee given all the circumstances, making Plaintiff's total fee recovery to be $35,200.

**III.**

Finally, Plaintiff seeks $4,447.89 for his reasonable expenses in this case. The request is broken down as follows:

| | |
|---|---|
| (1) Initial filing fee | $250.00 |
| (2) Sixth Circuit filing fee | $455.00 |
| (3) Costs bill | $1415.57 |
| (4) Transcript | $145.20 |
| (5) Service of subpoenas | $985.00 |
| (6) Deposition (5) paid to court reporter | $527.00 |
| (7) Handy, Chupp & Soergel, LLC, copy of Deposition | $247.10 |
| (8) Copies | $329.71 |
| (9) Post Office | $93.31 |

Plaintiff offers only this listing of expenses in support of his motion. Defendants object generally that Plaintiff should be required to submit additional evidence to substantiate these requests, but do not state a specific objection to any particular expense that they believe is not recoverable or is unreasonably high. The Court finds that the expenses for which Plaintiff requests reimbursement are all reasonably related to his successful prosecution of this case and are reasonable in amount. Although not supported with detailed receipts, the Court finds that the itemized listing sufficiently puts Defendants on notice of the basis of the requests and allows them to object to any they believe unrelated or unrecoverable. No such objections were made. Thus, the Court will award Plaintiff the full $4,447.89 in requested expenses.

The Court will issue on Order consistent with this Memorandum Opinion.

cc: Counsel of Record